IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYLIN MONAE GREEN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-199-R |
| ) | |
| WILLIAM HOBBS, et al., ) | |
| ) | |
|    Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a person in state custody appearing *pro se*, filed a complaint alleging violation of her civil rights. (Doc. 1).[1] United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B). (Doc. 6). Based on Plaintiff's failure to file the required service paperwork in compliance with the Court's order, the undersigned recommends that the Court **dismiss** the action without prejudice to the re-filing.

**I.  Background and Analysis**

On February 17, 2024, Plaintiff filed a Complaint alleging violation of her civil rights under 42 U.S.C. § 1983. (*See* Doc. 1, at 24). On April 10, 2024, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma* Pauperis, (*see* Doc. 9), entitling Plaintiff to utilize the United States Marshals Service for service of copies of the Complaint on each

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

1

Defendant per Federal Rule of Civil Procedure 4(c)(3).  A On July 12, 2024, in an Order Requiring Service and Special Report, the undersigned directed the Court Clerk to send Plaintiff the necessary service papers and stated, "Plaintiff must complete the forms, and, within 20 days from this Order's date, furnish those papers to the Court Clerk," along with copies of the Complaint so that the United States Marshals Service could attempt service on each Defendant.  (Doc. 14, at 1).  The Court advised Plaintiff that failure to submit the required service paperwork and timely serve the Defendants could result in the dismissal of this action.  (*Id.*)

The Court's records reflect that the piece of mail containing the Order Requiring Service and Special Report and service paperwork was returned as undeliverable on August 1, 2024, and stamped with "Return to Sender" and "Unable to Forward."  (Doc. 15, at 1).  Plaintiff is responsible for notifying the court of any change of address, *see* LCvR 5.4(a); however, Plaintiff has not submitted a notice of change of address to the Clerk of Court. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court."  *Id*.  Since the Order Requiring Service and Special Report and necessary service papers were sent to the last known address of Plaintiff, (*see* Docket Entry on July 12, 2024), the Order and service papers are deemed delivered.

As of the date of this Report and Recommendation, the deadline for submitting the required forms and copies to properly effect service has passed, and Plaintiff has failed to comply with the Court's Order.  Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action if the plaintiff "fails to prosecute or to comply with these rules or a court order."  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to

dismiss actions *sua sponte* for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of the United States*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted). If the dismissal is without prejudice, the court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014) (explaining that a district court may, without abusing its powers, dismiss a case without prejudice pursuant to Fed. R. Civ. P. 41(b) without attention to any particular procedures).

Plaintiff's failure to submit the service paperwork and/or comply with the Court's orders leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). As outlined above, the Court has provided Plaintiff sufficient notice of the possibility of dismissal, as well as an additional response opportunity through objection to this Report and Recommendation.

## II.   Recommendation and Notice of Right to Object

Based on the foregoing, the undersigned recommends that the Court **DISMISS** Plaintiff's action without prejudice to re-filing for her failure to submit the paperwork necessary for service in accordance with the Court's Order.

**Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of Court on or before November 14, 2024**, under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2). The failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual

and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

    This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge unless and until the matter is re-referred.

    **ENTERED** this 24th of October, 2024.

*[Signature]*
AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE